FORD *v.* FORD.

The jury returned a verdict in favor of the defendant, and from the judgment entered on the verdict the plaintiff appeals, assigning error.

*Wilson & Saintsing for plaintiff appellant.*
*Deal, Hutchins & Minor for defendant appellee.*

---

## H. AUBREY FORD, JR. v. BARBARA DALE FORD.

### (Filed 30 October 1963.)

APPEAL by defendant from *Clark (Edward B.),* Special Judge, August Term 1962 of LEE.

This appeal was argued at the Fall Term 1962 as Case No. 525. The decision of this Court has been delayed pending an appeal to the Supreme Court of the United States on a decision rendered by the Supreme Court of South Carolina, involving the custody of the three minor children born of the marriage between the plaintiff and the defendant. See *Ford v. Ford,* 239 S.C. 305, 123 S.E. 2d 33, 371 U.S. 187, 9 L. Ed. 2d 240.

Prior to 25 August 1959, the parties were residents of this State, domiciled in Sanford, North Carolina. Due to an adulterous affair on the part of the defendant wife, the parties separated and the wife went to the home of her mother in Richmond, Virginia. On 27 August 1959, the wife took the minor children of the marriage from North Carolina to the home of her mother in Richmond, Virginia, without the permission of the husband.

The husband, on 28 August 1959, filed in the Law and Equity Court of Richmond, Virginia, a petition for *habeas corpus,* alleging that the wife had the children and that she "has recently been guilty of acts which were not only of the nature that would justify the petitioner seeking a divorce from her but which render her unfit to have custody of said children," etc.

Thereafter, negotiations took place between the parties, both being represented by counsel, and they agreed that the husband was, with minor exceptions, to have custody of the children during the school year and that the wife was to have custody during summer vacations and on some holidays. When notified of this agreement, the Richmond court entered an order dismissing the case upon representation that the parties had agreed concerning custody of the infant children. This agreement will be referred to hereinafter as the Virginia agreement.

On 10 August 1960, while the minor children were in the custody of the wife, pursuant to the Virginia agreement, the wife moved to Greenville, South Carolina, and instituted an action for the custody of the children. The wife was awarded custody and the husband was given visitation rights to be agreed upon by the parties. On appeal to the Supreme Court of South Carolina by the husband, the Court held that the South Carolina courts were bound by the Virginia proceeding and must give full faith and credit to it. The wife appealed to the Supreme Court of the United States, and that Court held that the Virginia proceeding was not *res judicata* and was neither binding on the courts of Virginia nor the courts of South Carolina.

In *Ford v. Ford,* ........ S.C. ......., 130 S.E. 2d 916, the Supreme Court of South Carolina, in an exhaustive opinion, sets out a complete history of the litigation and directs the lower court to enter judgment in accordance with the Virginia agreement.

The judgment in the court below, based on the issues answered by the jury, granted the plaintiff in this action an absolute divorce and awarded custody of the minor children of the marriage in conformity with the Virginia agreement.

The parties to this litigation agreed at the hearing in the trial below, and in this Court when the case was argued here, that there has been no change in conditions since the parties entered into the Virginia agreement with respect to custody.

*Clawson L. Williams, Jr.; Leatherwood, Walker, Todd & Mann; Hoyle & Hoyle for plaintiff appellee.*

*McDermott, Cameron & Harrington; Allen Langston for defendant appellant.*

PER CURIAM. Since there is no appeal from the judgment entered below except as to custody, and it appearing that the order to be entered by the lower court in South Carolina pursuant to the mandate of the Supreme Court of South Carolina, as well as the judgment entered in the Superior Court of Lee County, North Carolina, conform

to the custody agreement entered into by the parties in Virginia, the judgment below is

Affirmed.